# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA L. ROBERTS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-CV-175-JED-GBC |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Gerald B. Cohn (Doc. 17) and the defendant's Objection (Doc. 18) to the R&R. In the R&R, Judge Cohn recommends that the decision of the Commissioner of the Social Security Administration (Commissioner) denying disability benefits to plaintiff be reversed and remanded for further proceedings.

The Court must determine de novo any part of the R&R that has been properly objected to, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Upon a de novo review and full consideration of the limited issues raised in the Commissioner's Objection, the Court concludes that the Objection should be denied and the R&R should be accepted.

In the R&R, Judge Cohn recommends that the Commissioner's decision be reversed and remanded for the following reasons: (1) The ALJ did not properly rely upon Dr. Gourd's opinion as support for the ALJ's rejection of subsequent audiology testing by Dr. Worrall (Doc. 17 at 6); (2) In rejecting Dr. Worrall's audiology testing, the ALJ erroneously represented that Dr. Worrall indicated that he did not believe the plaintiff gave her "best effort" during the testing (*id.* at 7); and

(3) The ALJ did not properly support her rejection of the opinion of Dr. Williams, who concluded that plaintiff should "[a]void even moderate exposure" to noise (*id.* at 8).

The Court has examined the medical records regarding plaintiff's hearing and the ALJ's explanation for rejecting the audiology testing and Dr. Williams's opinion. The Court agrees with Judge Cohn's conclusion that the ALJ's decision as to plaintiff's hearing loss is not supported by substantial evidence. Dr. Gourd indicated that formal audiology testing was necessary to determine the plaintiff's level of hearing loss. Yet, the ALJ rejected the subsequent audiology test results, which showed hearing loss, while purporting to rely upon Dr. Gourd's pre-audiology test observations.

The Commissioner also acknowledges that, in rejecting Dr. Worrall's audiology test results, the ALJ erroneously reported that Worrall stated he did not believe the plaintiff used her "best effort" during the testing. The Court can find no such references in Dr. Worrall's records. (*See* Administrative Transcript at 272-276). In fact, Dr. Worrall reported that the "[e]xamination was completed without difficulty." (*Id.* at 274). Dr. Worrall further reported that otoacoustic emissions were "abnormal bilaterally" and "DPOAE's are absent in both ear[s]," and he recorded an impression of "[m]ild sloping to profound hearing loss in both ears." (*Id.* at 274-275). The ALJ noted the otoacoustic emissions findings supported Dr. Worrall's impression that plaintiff had mild sloping to profound hearing loss, but the ALJ discounted those medical findings based upon the ALJ's incorrect belief that Dr. Worrall stated he did not believe plaintiff gave her best effort during the testing. (*See id.* at 14). Even had Dr. Worrall made such a statement, the ALJ did not explain why she rejected Worrall's final impressions, which would have taken into account any alleged failure by plaintiff to use best efforts. Similarly, the ALJ did not explain her rejection of the audiology testing results regarding the otoacoustic emissions / DPOAE's, which are not dependent

2

upon a patient's subjective reporting or "best effort." Finally, Judge Cohn correctly determined that the ALJ did not support her decision to give little weight to Dr. Williams's opinion that plaintiff must avoid "even moderate exposure to noise." (*See id.* at 18).

For the foregoing reasons, the Court determines that the ALJ's opinion as to hearing loss is not supported by substantial evidence. As noted by Judge Cohn, the plaintiff's other claims of error "may be remedied through the case's treatment on remand." (Doc. 17 at 8).

IT IS THEREFORE ORDERED that the Commissioner's Objection (Doc. 18) is **overruled**, the R&R (Doc. 17) is hereby **accepted**, and the Commissioner's decision is **reversed and remanded** for further proceedings in accordance with Judge Cohn's R&R and this Opinion and Order. A separate judgment will be entered.

SO ORDERED this 27th day of September, 2018.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE